IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**CARLOS ESCRIBANO REYES,**

**Plaintiff**

**v.**                                                    CASE NO. 13-1689 (GAG)

**PROFESSIONAL HEPA CERTIFICATE CORP., et al.**

**Defendants.**

## **OPINION AND ORDER**

On September 9, 2013, Carlos Escribano Reyes ("Plaintiff" or "Escribano") filed the instant action against his employer, Professional HEPA Certificate ("Defendant" or "Professional HEPA"). (Docket No. 10.) Plaintiff alleges he was harassed, discriminated and retaliated against due to his disability, his requests for reasonable accommodation, age and his opposition to Defendant's unlawful employment practices of in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. §§ 621 *et seq.* Pursuant to the court's supplemental jurisdiction, Plaintiff also brings state law claims alleging violations of Puerto Rico Law 100 of June 30, 1959 ("Law 100"), P.R. LAWS ANN. tit. 29, §§ 146 *et seq.*, Puerto Rico Law 115 of December 20, 1991, P.R. LAWS ANN. tit. 29, §§ 194(a), Puerto Rico Law 45 of April 18, 1935 ("Law 45"), P.R. LAWS ANN. tit. 11, §§ 7 *et seq.*, Puerto Rico Law 44 of June 30, 1959 ("Law 44") P.R. LAWS ANN. tit. 1 § 501 *et seq.*, and Articles 1802

1

**Civil No. 13-1689 (GAG)**

and 1803 of the Puerto Rico Civil Code ("Article 1802 & 1803"), P.R. LAWS ANN. tit. 31, §§ 5141, 5142. (Docket No. 10.)

Pending before the court is Defendant's Motion for Summary Judgment (Docket Nos. 27, 28, 29) which Plaintiff opposed. (Docket No. 39.) By leave of the court, Defendant filed a reply moving to strike Plaintiff's post summary judgment self-serving affidavit. (Docket No. 46.) Plaintiff filed a sur-reply. (Docket No. 55.) After carefully reviewing the parties' submissions and applicable law, the court **GRANTS** Defendant's motion to strike Plaintiff's post summary judgment affidavit at Docket No. 46 and **GRANTS** Defendant's Motion for Summary Judgment at Docket Nos. 27, 28 and 29.

## I. Plaintiff's Post Summary Judgment Affidavit

As a threshold matter, the first court addresses the admissibility of Plaintiff's sworn statement provided in support of his objections to Defendant's Statement of Uncontested Facts. (See Docket No. 39-2) Defendant invokes the sham affidavit rule and contends that said sworn statement should be stricken from the record. (Docket No. 46-1.) Following discovery, a party may not use a later affidavit to contradict facts previously provided to survive summary judgment, unless the party provides a satisfactory explanation for providing post summary judgment affidavit. Morales v. AC Orssleff's EFTF, 246 F.3d 32, 35 (1st Cir. 2001).

Plaintiff's post summary judgment affidavit, signed on August 12, 2014, the day before Plaintiff's opposition was filed, contains forty-three (43) paragraphs, yet it provides no explanation as to its tardiness, inconsistencies with previous facts and new factual contentions. (See Docket No. 39-1.) Defendant argues that the sworn statement is a sham, because it provides additional and contradicting facts, and its sole purpose is to create issues of fact that defeat Defendant's Motion

for Summary Judgment. (See Docket Nos. 46, 46-1.)   Paragraphs 4, 5, 6, 7, 18, 19, 20, 22, 26, 29, 30, 37, 39, 42, 43, 44, 45, 46, 47, 55, 56, 61, 66, 68, 70, 72, 73, 74, 77, 78, 79, 82, 83, 84, 87, 88, 89, 90, 95, 97(b), 97(c), 97(d), 106, 123, 124, 125 and 128 of Plaintiff's Opposing Statement of Facts are supported, in whole or in part, by Plaintiff's post summary judgment affidavit.  (See Docket No. 39-1.)[1]

Unfortunately, this is not the first time this court faces a sham affidavit issue with Plaintiff's counsel.  See Velázquez-Pérez v. Developers Diversified Realty, Civil No. 10-1002, Docket No. 131 and Baerga-Castro et al. v. Wyeth Pharmaceuticals, Civil No. 08-1014, Docket No. 81.  In Velázquez-Pérez the court reprimanded Plaintiff's counsel for said practices, reminding him of the burdensome task the court is forced to engage when the validity of a post summary judgment affidavit is put into question.

> This exercise, in and of itself, constitutes an otherwise considerable and unwarranted task for the court to perform prior to even passing upon the merits of the summary judgment motion. It is probably even more complicated a task that ruling on the summary judgment motion. But at a threshold level, the plaintiff has not even offered an explanation for why his affidavit was presented after the fact of filing the summary judgment motion.

Velázquez-Pérez at Docket No. 131.  Nevertheless, it seems as though the court is faced with this burdensome task almost every time Plaintiff's counsel is present as attorney of record.  Plaintiff's counsel's repeated behavior is reprimandable.  Attorney Escanellas is well aware of the case law governing post summary judgment affidavits, thus the court expects counsel to abide said precedent accordingly.[2]

---

[1] In turn, Plaintiff also invokes the sham affidavit rule to strike Anabelle Perez's sworn statement (Docket No. 29-2), provided by Defendant, in support of its statement of uncontested facts.  (See Docket No. 55-1.)

[2] This court will issue a separate order regarding whether Plaintiff's counsel's repeated conduct merits the issuance of sanctions.  See Fed. R. Civ. P. 11(b); 28 U.S.C. § 1927.

3

The court again turns to the sham affidavit allegations. In determining whether the testimony constitutes an attempt to manufacture an issue of fact so as to defeat summary judgment, the court may consider the timing of the affidavit, as well as the party's explanation for the discrepancies. See Orta–Castro v. Merck, Sharp & Dohme Química P.R., Inc., 447 F.3d 105, 110 (1st Cir. 2006) (affirming the district court's decision to disregard later filed affidavit that contradicted prior deposition testimony). Such testimony can be stricken by the court when the party proffering the evidence provides no satisfactory explanation for the changed testimony. See Torres v. E.I. Dupont De Nemours & Co., 219 F.3d 13, 20–21 (1st Cir. 2000) (citing Colantuoni, 44 F.3d at 4–5).

The court refuses to waste time and ink analyzing the intricacies of Plaintiff's post judgment affidavit, as the district court need not specifically enumerate each contradiction between the witness' prior testimony and the later filed affidavit in order to disregard the evidence. See Orta–Castro, 447 F.3d at 110. A review of the affidavit in question and the record evidence reveals that Plaintiff's post summary judgment affidavit contains new facts that are not contained in the rest of the evidence of record. Notably, the timing of the affidavit, signed by Plaintiff the day before the filing of the opposition, by itself, raises serious concerns as to its validity and authenticity. In both Colantuoni, 44 F.3d at 5, and Torres, 219 F.3d at 13, the First Circuit found similar chronology to the case at hand to be "probative of the fact that the non-movant was merely attempting to create an issue of fact." Orta–Castro, 447 F.3d at 110. Moreover, as in Torres, 219 F.3d at 13, the lack of explanation as to why Plaintiff's sworn statement came to life post summary judgment pushes this sworn statement off the table. In an effort to provide a reasonable explanation for its post summary judgment affidavit, Plaintiff's counsel states that he filed Plaintiff's sworn statement because Defendant's counsel filed a self-serving affidavit first, and, as

such, he had no other choice but to fashion a statement in support of his opposition. Specifically he states that "[p]laintiff had no other option than to support s[o]me [sic] of its factual allegations with a [post summary judgment] Sworn Statement, however, the majority of the statements made in [Plaintiff's] Sworn Statement were supported with his deposition testimony and the exhibits attached . . . ." Docket No. 55-1 at 2. The court finds Plaintiff's "brother counsel did it first" argument unacceptable and unbecoming. A substantive explanation as to an affidavit's late appearance is quite different than an explanation as to Plaintiff's counsel decision to strategically provide a post summary judgment affidavit. The former comprehends the First Circuit sham affidavit precedent, the latter does not.

Accordingly, pursuant to the sham affidavit doctrine, the court strikes Plaintiff's sworn statement at Docket No. 39-2 from the record. Plaintiff's pleadings supported by the stricken evidence will be deemed unsupported, pursuant to by Rule 56 of the Federal Rules of Civil Procedure.

The court further notes that the purported sham affidavit filed by Defendant, that of finance manager Anabelle Pérez (Docket No. 29-2) does not even relate to the issue raises in Plaintiff's own affidavit. As a matter of fact Defendant's affidavit was not considered by the court in ruling on the present summary judgment motion.

**II.   Standard of Review**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see FED. R. CIV. P. 56(a). "An issue

is genuine if 'it may reasonably be resolved in favor of either party' at trial, . . . and material if it 'possess[es] the capacity to sway the outcome of the litigation under the applicable law.'" Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (alteration in original) (internal citations omitted). The moving party bears the initial burden of demonstrating the lack of evidence to support the non-moving party's case. Celotex, 477 U.S. at 325. "The movant must aver an absence of evidence to support the nonmoving party's case. The burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both genuine and material." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). The nonmovant may establish a fact is genuinely in dispute by citing particular evidence in the record or showing that either the materials cited by the movant "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(B). If the court finds that some genuine factual issue remains, the resolution of which could affect the outcome of the case, then the court must deny summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party and give that party the benefit of any and all reasonable inferences. Id. at 255. Moreover, at the summary judgment stage, the court does not make credibility determinations or weigh the evidence. Id. Summary judgment may be appropriate, however, if the non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Forestier Fradera v. Mun. of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (quoting Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)).

### III.     Relevant Factual and Procedural Background

Professional HEPA is a private company that has been conducting business since 2002, providing services and products relating to air filters and air quality. (Docket Nos. 29 ¶ 2; 39-1 ¶ 2.) According to Defendant, at the time of the events at issue, Professional HEPA employed thirteen (13) individuals. (Docket Nos. 29 ¶ 108; 29-68.) In support of its contention, Defendant submits the Quarterly Report of Wages from the Puerto Rico Department of Labor. Id. Conversely, Plaintiff argues that Defendant, at the time of the events, had twenty-seven (27) employees. (Docket No. 39-1 ¶ 108.) According to Plaintiff, these additional employees do not appear in the official company records provided to the Department of Labor because Defendant purposefully omitted the names of these fourteen (14) additional individuals to the Department of Labor or the Internal Revenue Services. Id.   In support of his argument, Plaintiff provides a handwritten list of the names of the alleged twenty-seven (27) employees that worked for Defendant at the time of the events. (Docket Nos. 39-1 ¶ 108; 39-9 at 4.)

David Ayala ("Ayala") and Alfredo García ("García") established Professional HEPA in October 2002. (Docket Nos. 29 ¶ 3; 39-1 ¶ 3.) Ayala is the Vice President/Project Manager/Head Technician at Professional HEPA. (Docket No. 29 ¶ 4.) García is the President/Technicians' Supervisor at Professional HEPA. (Docket No. 29 ¶ 5.) Anabel Pérez is the Finance Manager & Safety Supervisor at Professional HEPA. (Docket No. 29 ¶ 6.) Jennifer Zayas is the QA Manager at Professional HEPA. (Docket No. 29 ¶ 7.)

Defendant hired Plaintiff on July 2003 as a technician. (Docket Nos. 29 ¶ 13; 39-1 ¶ 13.) When Professional HEPA hired additional Technicians, Plaintiff was named the Technicians' Supervisor. (Docket Nos. 29 ¶ 18; 39-1 ¶ 18.)  The Technicians' Supervisor position requires out-

7

of-the-office field work as well as administrative duties.  (Docket Nos. 29 ¶ 19; 39-1 ¶ 19.)   On January 2005, Defendant hired Alexander Velázquez.  (Docket Nos. 29 ¶ 20; 39-1.)

On November 26, 2012, Plaintiff suffered an accident at the job site.  (Docket Nos. 29 ¶ 26; 39-1 ¶ 26.)  Before November 26, 2012, Plaintiff could perform all the functions of the position he was holding.  (Docket Nos. 29 ¶ 29; 39-1 ¶ 29.)  As a result of the accident, Plaintiff underwent surgery and was forced to go on leave for a few weeks.  (Docket Nos. 29 ¶¶ 34-35; 39-1 ¶¶ 34-35.) Once back at work, Plaintiff's surgeon recommended he perform only office duties and that he should not be assigned field work for a thirty (30) day period.  (Docket No. 29 ¶¶ 36-37.)  Plaintiff argues that, upon recommendations of his doctor, he requested reasonable accommodation on multiple occasions.  (Docket No. 39-1 ¶ 37.)  According to Plaintiff, Defendant denied his requests for reasonable accommodation and assigned him to field work, including lifting of heavy machinery, which his doctor recommended he should not do.  Id.

**IV.   Discussion**

Defendant argues that summary judgment should be entered in its favor dismissing Plaintiff's ADA and ADEA claims on the grounds that it does not qualify as an employer under either statute because it does not meet the employee requirement.  (Docket No. 28.)  Defendant further raises other arguments regarding Plaintiff's disability, age discrimination, Defendant's alleged adverse employment actions and retaliatory acts resulting from his requests for reasonable accommodation.  Id.   The court need not address Defendant's other arguments because its argument that it does not qualify as an employer under either statute is dispositive.

   A.   ADA and ADEA employee requirement

**Civil No. 13-1689 (GAG)**

Under the ADA, an employer is "a person engaged in an industry affecting commerce who has fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 12111. Likewise, ADEA establishes a requirement of twenty (20) employees. 29 U.S.C. § 630.

Congress created this threshold of fifteen employees for Title VII and the ADA to apply. This requirement reflects Congress's wisdom that only those companies with fifteen or more employees have the requisite substantial effect on interstate commerce to permit federal involvement to implicate either Title VII or the ADA. Rey-Cruz v. Forensic Science Institute, 794 F. Supp. 2d 39, 334 (D.P.R. 2011); see also Legislative History of Titles VII and XI of Civil Rights Act of 1964, at 2108 (1964). Similar reasoning took place when Congress enacted ADEA with a minimum employee requirement. See Johnson v. Mayor and City Council of Baltimore, 472 U.S. 353, 356 (1985).

Defendant contends it does not qualify as an employer because it does not satisfy each statute's employee requirement. (Docket Nos. 28 at 5; 29 ¶ 108.) According to Defendants, at the time of the events, Professional HEPA only employed thirteen (13) individuals. (Docket Nos. 29 ¶ 108; 29-68.) On the other hand, Plaintiff contends that, at the time of the events, Defendant employed twenty-seven (27) employees. (Docket No. 39-1 ¶ 108.) As explained above, Plaintiff further explains the different tally is due to the fact that Defendant failed to report some of its employees to the Puerto Rico Department of Labor. Id.

The court's analysis need not go too far. It seems as though Plaintiff is trying to convince the court that, despite not appearing in the company payroll or other records, Defendant employed fourteen (14) additional individuals but purposefully did not report them as employees. However, Plaintiff solely relies on his own handwritten list of the names of the employees that allegedly

9

worked for Defendant.  (See Docket No. 39-9 at 4.)  Plaintiff provides no case law in support of his argument, or additional evidence to prove Defendant in fact employed those other fourteen (14) individuals.  Neither does Plaintiff provide the title or job description of these employees in order to evince their status as active employees for purposes of ADA and ADEA.[3]  Plaintiff's bald allegation, completely unsupported by evidence, is insufficient and does not place a reasonable jury in a position to decide that Defendant in fact employed the twenty seven (27) individuals.  Consequently, the court finds that, at the time of the events, Professional HEPA had thirteen employees; therefore, it does not qualify as an employer under the ADA or ADEA.

Accordingly, the court **GRANTS** Defendant's Motion for Summary Judgment as to Plaintiff's ADA and ADEA claims.  Plaintiff's ADA and ADEA claims are thus **DISMISSED**.

### V.     Supplemental State law claims

Regarding Plaintiff's state law claims, in its discretion under 28 U.S.C. § 1367(c)(3), and having dismissed Plaintiff's federal claims, the court declines to exercise supplemental jurisdiction over those claims.  Defendant did not move for summary judgment as to these claims.  Plaintiff may file these claims in state court.  Accordingly, Plaintiff's supplemental state law claims are **DISMISSED without prejudice**.

### VI.    Conclusion

Defendant's motion to strike Plaintiff's post summary judgment affidavit at Docket No. 46 is **GRANTED** and Defendant's Motion for Summary Judgment at Docket Nos. 27, 28, 29 is

---

[3] Plaintiff could have obtained, via discovery, information to evince the existence of these additional employees by way of company records, job descriptions, statements of other employees and other sources. However, other than their names, the record is completely devoid of information of these individuals.

**Civil No. 13-1689 (GAG)**

**GRANTED**. Plaintiff's ADA and ADEA claims are **DISMISSED with prejudice**. Plaintiff's state law claims are **DISMISSED without prejudice**.

S**O ORDERED.**

In San Juan, Puerto Rico this 23rd day of January, 2015.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI

United States District Judge