IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**CARLOS ESCRIBANO REYES,**

**Plaintiff**

**v.**                                                                                       **CASE NO. 13-1689 (GAG)**

**PROFESSIONAL HEPA CERTIFICATE CORP., et al.**

**Defendants.**

## OPINION AND ORDER

In its Opinion and Order at Docket No. 59, the court struck Plaintiff's post summary judgment affidavit under the "sham affidavit" rule and cautioned Attorney Anibal Escanellas that his representations to the court could warrant reprimand and/or sanctions considering he had been warned by the undersigned in the past. Id. at 3. Then the parties were ordered to show cause "as to why Plaintiff or his counsel should or should not be sanctioned pursuant to Fed. R. Civ. P. 11(b) and 28 U.S.C. § 1927, as discussed by the court in the Opinion and Order." (See Docket No. 61.)

Defendant, in compliance with court's orders, expressed its interest in pursuing the imposition of sanctions against Plaintiff for his "culpable careness and/or disregard to Rule 11(b)." (Docket No 63.) In turn, Plaintiff denied that the affidavit in question was a sham, stated that the court's Opinion and Order was incorrect and an abuse of its discretion, however, provided no arguments as to why the court should not impose sanctions against him. (Docket No. 65.)

**Civil No. 13-1689 (GAG)**

After careful review of the situation at hand, the court holds that the imposition of sanctions against Plaintiff's counsel, Attorney Escanellas, is proper.

**I.   Background**

The parties were given four (4) months to conduct discovery. (See Docket No. 17.)[1] Throughout the course of discovery, Plaintiff's deposition was taken and the parties exchanged documents. Despite the extensive discovery period afforded to the parties and the voluminous written discovery presented to the court,[2] Plaintiff's opposition to Defendant's Motion for Summary Judgment was almost entirely supported by his own affidavit that did not form part of discovery. (Docket No. 59, 2-5.)  After Plaintiff's post summary judgment was stricken, the court granted Defendant's motion summary judgment because Plaintiff failed to meet ADA's fifteen (15) employee requirement.

**II.   Discussion**

The impositions of sanctions under Rule 11 and 28 U.S.C. § 1927 ("Section1927") differ in purpose.  The court explains.

---

[1] On December 16, 2013, the court afforded the parties one month to present interrogatories, productions of documents, and/or request for admissions, and another month to answer the same. The parties were granted four (4) months to conclude discovery, including depositions. (See Minute Entry for Initial Scheduling Conference held before Magistrate Judge Carreño-Coll at Docket No. 17.)  Even so, discovery was extended an additional fifteen (15) days, per joint request of the parties. (Docket No. 18.)

[2] Following discovery, Defendant moved for summary judgment. In support of its motion, Defendant provided: plaintiff's deposition; the sworn testimony of Plaintiff's supervisor; company records such as Plaintiff's job description; Plaintiff's personnel documents including memorandums from Human Resources, email conversations between Plaintiff and his supervisors, etc.; and medical certificates from Plaintiff's treating physicians. (See Docket No. 29). Plaintiff's opposition was almost entirely supported by Plaintiff's post summary judgment affidavit and same evidence Defendant provided in support of its motion. (See Docket No. 33.)

### a. <u>Rule 11</u>

Rule 11(b) of the Federal Rules of Civil Procedure imposes on attorneys the responsibility of "assur[ing] that all pleadings, motions and papers filed with the court are factually well-grounded, legally tenable and not interposed for any improper purpose." <u>Mariani v. Doctors Associates, Inc.</u>, 983 F.2d 5, 7 (1st Cir. 1993) (citing <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 393 (1990).  The aforementioned rule imposes on attorneys an obligation to "make a reasonable inquiry to assure that the claims, defenses and positions represented by them are well-grounded in both law and fact and are not intended to serve an improper purpose, such as harassment or delay." <u>Cruz v. Savage</u>, 896 F.2d 626, 630 (1st Cir.1990); <u>see also</u> <u>Bermudez v. 1 World Productions, Inc.</u>, 209 F.R.D. 287 (D.P.R. 2002).  By way of "reasonable inquiry" an attorney certifies that his/her representation, claim or argument:

> (1) is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED.R.CIV.P. R. 11(b)(1)-(4). Counsel is held to standards of due diligence and objective reasonableness. <u>Mariani</u>, 983, F.2 at 5. "The purpose of Rule 11 is to deter dilatory and abusive tactics in litigation and to streamline the litigation process by lessening frivolous claims or defenses." <u>Cruz</u>, 886 f.2d at 630.

A rule 11(b) violation allows the imposition of sanctions. FED.R.CIV.P. R. 11(b). A Rule 11 sanction "usually serves two main purposes: deterrence and compensation." <u>Navarro-Ayala v. Nunez</u>, 968 F.2d 1421, 1426 (1st Cir. 1992); <u>see also</u> <u>Cooter & Gell</u>, 110 S.Ct. at 2454 ("the

3

central purpose of Rule 11 is to deter baseless filings.") "Encompassed within these objectives are several related subsidiary goals, e.g., punishing litigation abuse and facilitating case management." Navarro-Ayala v. Nuñez, 968 F.2d 1421, 1426 (1st Cir. 1992) (citing White v. General Motors Corp., 908 F.2d 675, 683 (10th Cir. 1990)).

In Velázquez-Pérez v. Developers Diversified Realty, the court warned Counsel Escanellas of the repercussions that this practice had on the court's case management. Post summary judgment affidavits, if allowed, shall be the exception, and not the rule. The filing of a post summary judgment affidavit defeats the purpose of Rule 56 and the rules governing the discovery process. Velázquez-Pérez, Civil No. 10-1002, Docket No. 131. Why was that information not available at discovery? Why shouldn't the opposing party be offered an opportunity to conduct further discovery on that new information? The questions are endless. The Federal Rules of Civil Procedure provide the parties ample discovery. As discussed in the court's previous Opinion and Order, if a situation that was out of the ordinary occurs during discovery --new information arises that was not part of discovery--, the court has the discretion to "bend the rules" to avoid a miscarriage of justice and, as an exception, allow the new information. However, a party must provide a reasonable explanation as to why said information was not available during discovery. See Morales v AC Orssleff's EFTF, 246 F.3d 32, 35 (1st Cir. 2001) (holding that following discovery a party may not use a later affidavit to contradict facts previously provided to survive summary judgment, unless the party provides a satisfactory explanation for providing post summary judgment affidavit).

Attorney Escanellas' failure to provide a reasonable explanation for his post summary judgment affidavit demonstrates his disregard to the rules of this court. Counsel is well aware of the First Circuit precedent governing this issue, yet he chooses to ignore it and take his own

4

course of action. In this situation, it is clear to the court that Attorney Escanellas, through his blatant disregard of court orders, has miscarried the responsibilities imposed upon him under Rule 11(b) of the Federal Rules of Civil Procedure. Thus, the court hereby imposes upon Attorney Escanellas $500 in monetary sanctions for violation of Rule 11(b) of the Federal Rules of Civil Procedure.

### b. 28 U.S.C. § 1927: Vexatious litigation

Section 1927 of Title 28 United States Code states that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. The aforementioned section "requires a finding that, in multiplying unnecessarily the proceedings, the attorney's conduct was "unreasonable and vexatious," as the statute plainly states. The First Circuit established that behavior is "vexatious" when "it is harassing or annoying, regardless of whether it is intended to be so." Cruz, 896 F.2d at 632. Section 1927 sanctions may be imposed when "an attorney acts in disregard of whether his conduct constitutes harassment or vexation, thus displaying a "serious and studied disregard for the orderly process of justice." Id. Given the stage in which post summary judgment affidavits arise, to move to strike an opposing party is obligated to file additional briefs and memoranda –a reply brief– to set forth its argument. Thus, each time a "sham affidavit" issue comes up, litigation is extended.

Under this statute, or Rule 11, a finding of bad faith is not required; but if bad faith is present, sanctions are to be imposed. Id. at 631-32. "Yet, we agree with other courts considering this question that section 1927's requirement that the multiplication of the proceedings be

"vexatious" necessarily demands that the conduct sanctioned be more severe than mere negligence, inadvertence, or incompetence." Id.

Counsel's behavior is not an isolated event. As stated in the court's Opinion and Order, Attorney Escanellas was admonished by the undersigned in the past for the filing of post summary judgment affidavits. See Velázquez-Pérez, Civil No. 10-1002, Docket No. 131 and Baerga-Castro et al. v. Wyeth Pharmaceuticals, Civil No. 08-1014, Docket No. 81. Moreover, my esteemed colleagues on the bench have come across similar situations with Attorney Escanellas and have also forewarned him of his practices. In Rodríguez-Fonseca v. Baxter Healthcare Corp. of Puerto Rico, 899 F. Supp. 2d 141, 148 (D.P.R. 2012), the court expressly reprimanded counsel's practice and stated "[p]laintiff's attorney is hereby admonished to *never again* file a sham affidavit before this Court." See also Levine-Díaz v. Humana Health Care, 990 F.Supp.2d 133 (D.P.R. 2014); Melendez-Ortiz v. Wyeth Pharmaceutical Co., 775 F.Supp.2d 349 (D.P.R. 2011); Rivot-Sánchez v. Warner Chilcott Co., Inc., 707 F.Supp.2d 234 (D.P.R. 2010) (post summary judgment affidavit stricken); Mojica v. El Conquistador Resort and Golden Door Spa, 714 F.Supp.2d 241 (D.P.R. 2010); Rivera v. Empresas Y-Nuina, Inc./Kikuet, Civ. No. 10-1574, 2011 WL 3443086 (D.P.R. 2010); Sánchez-Medina v. Unicco Service Co., Civ. No. 07-1880, 2010 WL 3955792 (D.P.R. 2010); Marquez v. Drugs Unlimited, Inc., Civ. No. 08-2387(GAG), 2010 WL 1133808 (D.P.R. 2010) (inconsistent statements disregarded); Franco v. Glaxosmithkline, Civ. No. 06-1781(JAG), 2009 WL 702221 (D.P.R. 2009); Rivera-Rocca v. RG Mortg. Corp., 535 F.Supp.2d 276 (D.P.R. 2008)

Today it is clear that attorney Escanellas opted to disregard multiple warnings from this court. Certainly, Attorney Escanellas' behavior is vexatious, and has a burdensome effect on

6

proceedings. Accordingly, the court hereby imposes upon Attorney Escanellas a monetary sanction of $500 for section 1927 violations.

### III.  Conclusion

In sum, the court hereby imposes on Attorney Escanellas $1000 in monetary sanctions. The monetary sanctions shall be deposited with the Clerk of Court on or before March 13, 2015. The court also imposes upon Plaintiff the payment of $3,861.65 in costs, as disclosed by Defendants at Docket No. 64 and not contested by Plaintiff.

S**O ORDERED.**

In San Juan, Puerto Rico this 18th day of February, 2015.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI

United States District Judge